**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| JACQUELYN MOORE, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 24-1600-BAH |
| JAROTH RAMON ARMANDO RALON PEREZ, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Jacquelyn Moore ("Plaintiff" or "Moore") brought suit against Frederick County Sheriff's Deputy Jesse Patterson ("Patterson"), two unnamed deputies, USAA Casualty Insurance Company, and Jaroth Ramon Armando Ralon Perez ("Perez"). ECF 27 (amended complaint).[1] Against Perez, Moore alleges one count of negligence. All claims arise out of the aftermath of a collision that occurred after Perez fled a car stop initiated by Patterson. Moore, an innocent bystander whose car was struck by Perez's, alleges that the accident caused her serious injuries. Perez has failed to appear in this lawsuit. Accordingly, Moore has filed a motion for default judgment against Perez. ECF 62. The motion includes one exhibit,[2] which Moore describes as an "an affidavit stating that Defendant Perez is not currently serving in the military, as required by the Servicemembers Civil Relief Act." ECF 62, at 3 ¶ 16. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for

---

[1] The original complaint is docketed at ECF 1.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

the reasons stated below, Moore's motion for default judgment is **DENIED**, and this action is **DISMISSED without prejudice**.

## I.   BACKGROUND

On September 22, 2021, at approximately 6:30 PM, Patterson was driving his patrol vehicle near 5601 Buckeystown Pike in Frederick, Maryland. ECF 27, at 5 ¶ 16. That area contained both vehicle and pedestrian traffic, and "the road was slippery due to a recent rain." *Id.* ¶ 17. Patterson pulled up next to the black Infiniti and identified two Hispanic males in the vehicle. *Id.* ¶ 18. The driver, later identified as Perez, "looked away from Patterson," which Patterson perceived as "suspicious so he called in a license plate tag check to his dispatch. *Id.* Dispatch confirmed that the vehicle had stolen tags, and "Patterson assumed that since the vehicle had stolen tags that the vehicle itself was also stolen," although that later turned out to be false. *Id.* at 5–6 ¶ 20.

Patterson pulled the Infiniti over and exited his patrol vehicle with firearm drawn, pointed at the suspects. *Id.* at 6 ¶ 21. "The suspects in the black Infinity became scared at the sight of Patterson drawing his weapon on them," and "they fled" the stop "at an extremely high rate of speed." *Id.* ¶ 22. Patterson gave chase, and the two vehicles sped "in heavy traffic in the rain . . . to the corner of Buckeystown Pike and Urbana Pike." *Id.* ¶¶ 23, 25. "Due to the fact the roadway was wet, and the black Infinit[i] was traveling at a high rate of speed, the Infinit[i] hydroplaned, slammed into the median, crossed the median and slammed into the Plaintiff's vehicle who was sitting in her vehicle at a red light." *Id.* ¶ 26. Following the collision, Moore alleges she was "severely injured" and "hanging out of her vehicle window with a broken arm and other injuries when the Sheriffs responded." *Id.* at 7 ¶ 28.

Moore alleges that "Perez acted in a negligent, careless, and wanton manner when he drove his vehicle in a reckless manner by driving in excess of one hundred (100) miles per hour on a residential street." *Id.* at 13 ¶ 71. Moore avers that Perez also "acted in a negligent, careless, and

wanton manner when he ran from the police, rather than pulling over as required by the law and drove his Infinit[i] vehicle at a high rate of speed, during a high traffic time, in a high traffic area, in violation of the laws of the State of Maryland and crashing said vehicle into Plaintiff." *Id.* ¶ 72. "As a direct and proximate result of the aforesaid negligent conduct on the part of Perez," Moore alleges that she "was caused to suffer from severe and painful injuries to her body" and continues to suffer. *Id.* ¶¶ 74–75. Moore states that she "was subjected to fear of death" and has suffered property and wage loss, mental anguish, and enjoyment of life. *Id.* at 14 ¶¶ 76–79. She demands judgment in excess of $75,000 against Perez. *Id.* at 14.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Court may conduct hearings or make referrals when necessary to determine the damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Thereafter, the court may enter default judgment at the plaintiff's request and with notice to the defaulting party. *Id.*

Although the United States Court of Appeals for the Fourth Circuit has announced a "strong policy" in favor of deciding cases on their merits, *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment may be appropriate when a party is unresponsive. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). A plaintiff, however, is not automatically entitled to default judgment simply because the defendant has not responded. Rather, entry of default judgment is left to the sound discretion of the court. *See, e.g., Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, Civ. No. DKC-11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012); *see also Choice Hotels Int'l,*

*Inc. v. Austin Area Hospitality, Inc.*, Civ. No. TDC-15-0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015).

With respect to liability, the Court takes as true all well-pleaded facts in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) in the context of default judgments. *See, e.g.*, *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). A complaint that avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement" is insufficient to award default judgment. *Id.* ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted." (internal quotation omitted)). The Court "must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought." *Ryan*, 253 F.3d at 780. "The party moving for default judgment must still show that the defaulted party was properly served, . . . and that the 'unchallenged factual allegations constitute a legitimate cause of action.'" *Harris v. Blue Ridge Health Servs., Inc.*, 388 F. Supp. 3d 633, 637–38 (M.D.N.C. 2019) (first citing *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996); and then quoting *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010)).

If the complaint avers sufficient facts from which the Court may find liability, the Court next turns to damages. *See Ryan*, 253 F.3d at 780–81. The Court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. *See Lawbaugh*, 359 F. Supp. 2d at 422. Damages are restricted to that which is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed

4

in amount, what is demanded in the pleadings."). While the Court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases).

## III. ANALYSIS

Before analyzing Perez's liability, the Court must address two threshold matters: (1) whether Perez was properly served and nonetheless failed to file a responsive pleading, *see Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d. 402, 405–06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him); and (2) whether the Court has subject matter jurisdiction over this action, *see Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists."); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."). The Court begins and ends its analysis at jurisdiction.

The jurisdictional basis for Moore's complaint, which asserted a 42 U.S.C. § 1983 claim against Patterson and the unnamed sheriffs among other counts, was federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* ECF 27, at 3–4. The jurisdictional basis for Moore's state law claims, including her state law negligence count asserted against Perez, was supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). *See id.* at 4 ¶ 10. Section 1367(a) states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of

5

the United States Constitution." 28 U.S.C. § 1367(a). However, the statute also provides that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a)" in certain circumstances, including if "the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3).

"[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie–Mellon Univ.*, 484 U.S. at 350; *see also Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) ("Even though Carnegie–Mellon was decided before the doctrine of pendent jurisdiction was codified in 28 U.S.C. § 1367, we nevertheless conclude that it continues to inform the proper interpretation of § 1367(c)[.]").

In light of the above principles, the Court concludes that it should not retain jurisdiction over this case. Moore brought one count under § 1983 in addition to a number of state law claims against defendants. *See* ECF 27. Although this case was originally filed in June of 2024, Moore did not add Perez as a defendant until the amended complaint was filed in September of 2024. *Compare* ECF 1 (original complaint), *with* ECF 27 (amended complaint). The defendants who appeared in the case did not file motions to dismiss and instead answered the complaint, *see* ECFs

6

30 and 31, and the Clerk entered default as to Perez in December of 2024, ECF 37. After several extensions, discovery closed on April 7, 2025, ECF 42, and Patterson filed his motion for summary judgment on May 6, 2025, ECF 48. The Court resolved that motion in favor of Patterson on January 13, 2026. ECF 59 (opinion); ECF 60 (order). As Moore had not identified the unnamed officer defendants after discovery, the Court's resolution of the motion for summary judgment also directed Moore to show cause why the suit should not be dismissed as to the unidentified officers. ECF 59, at 56–57. Observing that Moore had not filed a motion for default judgment against Perez yet, the Court also ordered Moore to either file such a motion or provide a report as to why such a motion would be inappropriate. *Id.* at 57. On January 28, 2026, Moore moved for voluntary dismissal of the unidentified officer defendants, ECF 61, which the Court granted, ECF 63, and she filed the present motion for default judgment against Perez, ECF 62. The only remaining claim in this case is a state law negligence claim asserted against a Maryland defendant, Perez.[3]

After a consideration of all four factors used to guide its discretion in this context—"convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy," *Shanaghan*, 58 F.3d at 110—the Court finds that

---

[3] The Court does not have diversity jurisdiction over this claim. A federal district court has original diversity jurisdiction "only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In the amended complaint, Moore states she "is a resident of Frederick County, Maryland, and a citizen of the State of Maryland" and that "Perez is an adult citizen of the State of Maryland." ECF 27, at 2 ¶ 1, at 3 ¶ 6. But in the motion, Moore asserts, without further explanation, that the Court "has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are *citizens of different states* and the amount in controversy exceeds $75,000." ECF 62, at 1 ¶ 1 (emphasis added). In addition to her own complaint contradicting this representation, the summons and proof of service she filed with the Court indicates that Perez is a citizen of Maryland, the same state as Moore. *See* ECF 29 (summons listing Perez's address as address as "253 Sharptown S, Laurel, Maryland 20724"); ECF 34 (proof of service indicating that the summons was left at Perez's residence with a person of suitable age and discretion, "Rosa Perez"). Moreover, even if Moore's new assertion was factually accurate, the implication would be that Perez was not properly served in this matter, likewise making default judgment improper.

7

dismissal is warranted. With respect to fairness and convenience to the parties, the Court first observes that this case was filed two years ago, in 2024. However, the claim against Perez was not added until later that year, and although this case has progressed through multiple stages of litigation as to other named defendants, Perez never appeared in this case. Were Moore to subsequently file her claim in a court of appropriate jurisdiction, her case against Moore "would, for all intents and purposes, begin at the same stage of the litigation process." *Thornton v. Piedmont Reg'l Jail Auth.*, Civ. No. 3:24-499, 2025 WL 888417, at *12 (E.D. Va. Mar. 21, 2025). As to the federal policy factor, the remaining count decidedly does not involve federal policy. The Court's consideration of comity and judicial economy likewise favors dismissal. Moore's remaining claim rests entirely upon Maryland tort law. Allowing a state court, rather than this Court, to address a state common law tort claim asserted against a Maryland defendant would best serve judicial economy. *Cf. id.* (concluding that judicial economy was served by dismissing state law counts where plaintiff's "remaining claims rely entirely upon Virginia law"). Accordingly, the action will be dismissed without prejudice.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Moore's motion for default judgment is **DENIED**, and this action is **DISMISSED** without prejudice.

A separate implementing order will issue.

Dated: <u>June 29, 2026</u>

<u>     /s/     </u>
Brendan A. Hurson
United States District Judge

8